# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CT-01965-SCT

*PERRY LEON BERRYMAN*

*v.*

*KATHERINE LYNN (HIBBETT)(SNYDER)*
*BERRYMAN*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT: 07/02/2003
TRIAL JUDGE: HON. MITCHELL M. LUNDY, JR.
COURT FROM WHICH APPEALED: TATE COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT: MARY LYNN DAMARE'
ATTORNEY FOR APPELLEE: H. R. GARNER
NATURE OF THE CASE: CIVIL - DOMESTIC RELATIONS
DISPOSITION: AFFIRMED - 06/30/2005
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1.     In this family law case the Court of Appeals' opinion provides the following facts:

Perry and Katherine Berryman were married January 29, 1996, in Eureka
Springs, Arkansas. Perry and Katherine both worked in Memphis, Tennessee,
Perry as a firefighter and Katherine as a nurse, but they lived in Independence,
Mississippi.    There were no children born during the Berrymans' marriage. In
July 2002, Perry and Katherine separated. The parties filed a consent agreement
on May 9, 2003, and were granted a hearing on property issues that same day.
On June 9, 2003, in the Chancery Court of Tate County, Perry and Katherine
were granted a divorce on the grounds of irreconcilable differences. The
chancellor divided the marital property, but declined to award alimony or
attorney's fees to either party.   Perry now appeals to this Court asserting that the
chancellor erred in awarding commingled marital property and marital assets
solely to Katherine, which resulted in an inequitable distribution of assets.

***Berryman v. Berryman***, 2004 WL 1879029, (Miss. Ct. App. 2004).

¶2. Perry Berryman (husband) requested this Court grant his petition for certiorari. He argues that the Court of Appeals opinion was incorrect as to the facts stated in the opinion. He also contends that the Court of Appeals erred in affirming the chancellor's decision as it is not an equitable division of the marital property.

¶3. In rendering its decision, the Court of Appeals without question misstated the chancellor's decision regarding which spouse would be responsible for the indebtedness on a twenty-acre tract of land and the amount of the monthly mortgage payment. However, that fact does not affect the decision to affirm the chancellor's ruling. In fact, the only issue that the Court of Appeals specifically focused on was the award of the equity in the marital home to Katherine Berryman (wife). We grant certiorari in order to review the Court of Appeals' judgment. However, we agree that the Court of Appeals was correct in affirming the chancellor's decision dividing the marital property.

¶4. The husband alleges that the chancellor did not separate the marital property from the non-marital property. However, the chancellor's order does separate and specifically enumerate the property acquired during the marriage. The chancellor only divided the marital property.

¶5. The Court of Appeals correctly stated that the chancellor awarded the twenty acres to the wife, but the Court of Appeals' misstatement occurred in saying that the wife was to maintain the payments of $740 per month on the land. In fact, the payments were $504.41 per month. The chancellor ordered that "[u]ntil all sales, the party that has been making the

2

payments shall continue to do so." The husband was to pay the payments until the land was sold.

¶6.     The chancellor did not order the husband to pay the payments on the twenty acres until the debt was satisfied. The chancellor ordered the twenty acres sold, as well as, the marital home and the rental house sold. The husband was awarded the net proceeds from the sale of the rental home (estimated equity of $20,000) when sold. The wife was awarded the equity in the marital home (estimated $148,000)(less the first and second mortgage on the marital home) and the equity in the unimproved twenty acres (approximately $48,000) when sold.

¶7.     The chancellor found that the wife had contributed $145,000 to the purchase of the marital home as a down payment when the parties married. Therefore, the chancellor determined that equitable division demanded that she be awarded the equity in the home. The wife was to be responsible for the first mortgage of $900 per month on the marital home and have exclusive use and possession of the home until sold.

¶8.     The husband argues on appeal that when he sold the rental home, he only cleared around $6,000 to $7,000 from the sale. However, the sale did not occur until after the chancery court made its initial ruling. At the time the chancellor made his ruling, the equity was estimated in the chancellor's decision to be $20,000.

¶9.     The parties each were awarded their respective vehicle, wife the 1996 Pontiac Grand Prix and husband the 1994 S-10 Blazer. The chancellor found the 1999 Mercedes to be the husband's separate property.

¶10.    No alimony was awarded. No children were born to the union. Each were ordered to be responsible for their own attorney's fees.

3

¶11.    The husband was awarded the tractor and accessories.  The husband was responsible for the payments on the second mortgage on the marital home until it sold.

¶12.    The husband was awarded his retirement account acquired during the marriage of approximately $24,500.  The husband was awarded one bedroom suite, personal effects and his books.  All other furniture was awarded to the wife.

## DISCUSSION

¶13.    The issue before the Court of Appeals was whether the chancellor erred in awarding commingled marital property and assets solely to the wife.  We find that the Court of Appeals applied the correct legal analysis in rendering its decision.  The Court of Appeals stated:

> When reviewing the decisions of a chancellor, this Court applies a limited abuse of discretion standard of review. *McNeil v. Hester*, 753 So.2d 1057(¶ 21) (Miss.2000).  The findings of the chancellor will not be disturbed "unless the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard." *Id*....
>
> In his sole issue, Perry argues that the chancellor erred in awarding certain commingled marital property and marital assets solely to Katherine, resulting in an inequitable distribution of the assets.  Specifically, Perry claims that the chancellor failed to make specific findings of fact concerning which property was separate and which was marital before distributing the assets.  Equitable distribution in a divorce case is governed by the guidelines set out by our supreme court in *Ferguson v. Ferguson*, 639 So.2d 921 (Miss.1994).  These guidelines include:
>
>> (1) economic and domestic contributions by each party to the marriage,
>> (2) expenditures and disposal of the marital assets by each party,
>> (3) the market value and emotional value of the marital assets,
>> (4) the value of the nonmarital property,
>> (5) tax, economic, contractual, and legal consequences of the distribution,
>> (6) elimination of alimony and other future frictional contact between the parties,
>> (7) the income and earning capacity of each party, and

4

(8) any other relevant factor that should be considered in making an equitable distribution.

*Ferguson*, 639 So.2d at 928. Assets acquired or accumulated during the course of the marriage are marital assets and are subject to an equitable distribution by the chancellor. *Hemsley v. Hemsley*, 639 So.2d 909, 915 (Miss.1994).

Perry's chief concern is the marital residence, which he claims should not have been awarded solely to Katherine. In his order the chancellor noted the various marital assets accumulated by the parties during the course of the marriage. Pursuant to the Ferguson factors, the chancellor divided the property as follows. Perry was to receive the tractor and accessories valued at $5,000; his 1994 Chevy Blazer; his entire retirement account, of which approximately $24,000 was accumulated during the marriage; the rental house, with equity of approximately $20,000; and his personal effects, including books, along with a bedroom suite from the marital residence. Perry was also ordered to pay the second mortgage on the tractor. Katherine was awarded the marital residence, with equity of approximately $148,000; the twenty-acre property, with equity of approximately $48,000; her car; and furniture. Katherine was also ordered to maintain the mortgage payments of approximately $900 per month on the marital residence and $740 per month on the twenty-acre property.

In awarding Katherine sole ownership of the marital residence, the chancellor stated as follows:

> Based upon all these [Ferguson ] factors especially # 1 'Substantial contributions to the accumulation of the property' and the uncontradicted fact that Mrs. Berryman contributed $145,000 to the acquisition of the marital residence (725 Walker Road) equity demands that she be entitled to the sole ownership of the residence or the proceeds from the sale thereof, (less 1st and 2nd mortgage).

Although Perry feels that the property should have been divided equally, we cannot find that the chancellor abused his discretion in awarding Katherine sole ownership of the marital property.

*Berryman*, 2004 WL 1879029 * 1-2.

¶14. The Court of Appeals' opinion focused on whether the chancellor's decision to award the wife the equity in the marital home was equitable. The Court of Appeals stated that the

husband believed that the property was not divided equally. However, the Court of Appeals held that chancellor had not abused his discretion in awarding the wife the equity in the marital home. The "Chancery Court has authority, where equities so suggest, to order a fair division of property accumulated through the joint contributions and efforts of the parties," and the equitable division is left to the chancellor's discretion unless there is an abuse of discretion. *See Ferguson*, 639 So.2d 921, 930, 934 (quoting ***Brown v. Brown***, 574 So.2d 688, 690 (Miss. 1990)). We find that the chancellor's division of the marital property and assets was equitable. The husband's assignment of error is without merit.

### CONCLUSION

¶15. We find that the Court of Appeals erred in misstating facts regarding the division of the marital debt and the amount of the monthly payment on the twenty-acre tract of land. However, we find that the Court of Appeals correctly affirmed the judgment of the Chancery Court of Tate County. Therefore, we affirm the judgments of the Court of Appeals and the Tate County Chancery Court.

¶16. **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. COBB, P.J., AND GRAVES, J., CONCUR IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**